**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDNA GUADALUPE VASQUEZ
TREJO; D.L.G.V.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 23-4446

Agency Nos.
A209-984-253
A209-984-254

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.[***]

Petitioners Edna Guadalupe Vasquez Trejo and her minor child

("Petitioners" or "Vasquez Trejo" when referring only to the lead petitioner),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review legal determinations *de novo* and factual determinations, including credibility determinations, for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, and Petitioners' applications for asylum and withholding of removal were properly denied. Credibility determinations are to be based on the totality of the circumstances and all relevant factors, including the "consistency between the applicant's . . . written and oral statements," "the internal consistency of each such statement," and "any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ found that there were material omissions and

inconsistencies between Vasquez Trejo's credible fear interview with an asylum officer and her hearing testimony, and the BIA relied on several of these findings when affirming the IJ's adverse credibility determination. The specific evidence the BIA determined supported the IJ's adverse credibility determination included: 1) Vasquez Trejo's statements during the credible fear interview that only her former partner's uncle physically harmed her, and her later statements during the removal proceedings that her former partner also physically harmed her; 2) her statement during the credible fear interview that her daughter was never harmed or threatened in Honduras, and her later statement during the removal proceedings that her former partner hit her daughter; and 3) her statements during the removal proceedings that her former partner is Indigenous and her statement that she did not know his family's race.

Vasquez Trejo's inconsistencies and omissions regarding whether her former partner physically harmed her and whether her daughter was physically harmed in Honduras provide substantial evidence to support the adverse credibility determination. Vasquez Trejo was asked during her credible fear interview whether anyone from her former partner's family aside from her former partner's uncle had ever physically harmed her and she responded "only he has," yet during her removal proceedings, a significant portion of her testimony centered on domestic abuse from her former partner. *See Silva-Pereira v. Lynch*, 827 F.3d

1176, 1185 (9th Cir. 2016) (stating that an adverse credibility determination may be supported by omissions of allegations that tell a different and more compelling story of persecution); *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (stating that while inconsistences in evidence no longer need to go to the "heart of the applicant's claim," those that do are of "great weight"). Vasquez Trejo also explicitly stated during her credible fear interview that her daughter was not abused or threatened in Honduras, yet during the removal proceedings, she testified that her former partner hit their daughter. *See Lai*, 773 F.3d at 971 (stating that "inconsistencies created by direct contradictions in evidence and testimony" are particularly probative of credibility). These omissions and inconsistencies are substantial evidence supporting the adverse credibility determination.

The BIA did not improperly rely on these inconsistencies and omissions between Vasquez Trejo's credible fear interview and hearing testimony when affirming the IJ's adverse credibility determination because there were sufficient procedural safeguards in place during Vasquez Trejo's credible fear interview to "ensure reliability" and increase the formality of the interview. *See Joseph v. Holder*, 600 F.3d 1235, 1243–44 (9th Cir. 2010). Unlike in *Joseph*, the asylum officer administered an oath at the outset of Vasquez Trejo's credible fear interview and there is a written record of the questions asked and the answers provided. *Id.* There was also a translator present during the interview, and at the

end of the interview, the asylum officer gave Vasquez Trejo a summary of her statements, and Vasquez Trejo agreed with the testimony and had nothing to add or change.

Substantial evidence supports the BIA's denial of Petitioners' request for CAT protection because Vasquez Trejo did not establish that it is more likely than not that she will be tortured by her former partner or his uncle with the acquiescence of a public official in Honduras if she were removed. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023). Vasquez Trejo did not show that any government official had prior awareness, including willful blindness, of the physical harm she experienced. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014).

**PETITION DENIED.**